UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-cv-07240-ODW-(JPRx) | Date | January 7, 2021 |
|---|---|---|---|
| Title | *Armen Ginoyan v. Barclays Bank Delaware et al* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not present | | Not present | |

**Proceedings (In Chambers):**

On January 6, 2021, Defendant Trans Union LLC ("Trans Union") filed an Ex Parte Application to Stay Case, or in the Alternative, to Continue Trial Date and Pre-Trial Deadlines Pending Ruling on Trans Union's Motion for Summary Judgment. (*See* Ex Parte Appl. to Stay ("Application" or "Appl."), ECF No. 85.) In its Application, Trans Union urges the Court to stay, or in the alternative, continue this case until the Court issues a ruling on Trans Union's Motion for Summary Judgment. (*Id.* at 1.) Trans Union claims "[t]he ruling on the pending motion will necessarily affect the parties' preparation and substantive content of the pre-trial submissions which are currently due on the same day as oral argument on the Motion. (*Id.*) Trans Union also argues that a stay or continuance of the trial date and pre-trial deadlines are reasonable due to the COVID-19 precautions in place in California. (*Id.*)

Ex parte applications in the Central District are governed by the procedural requirements of the Local Rules, and the substantive standards set forth in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). In *Mission Power*, the court provided the requirements a party must meet to obtain ex parte relief. *Id.* The party seeking ex parte relief must establish why a motion cannot be calendared in the regular manner; that they will be irreparably prejudiced if the motion is heard in accord with regular procedures; and that the requesting party is without fault in creating the crisis that requires ex parte relief or that the crisis was due to excusable neglect. *Id.* "Ex parte applications are solely for *extraordinary* relief . . . ." Standing Order, The Honorable Judge Otis D. Wright II, VII.C., https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii (emphasis added).

The Court first notes that Trans Union's Application is procedurally defective. Local Rule 7-19.1 requires the attorney filing an ex parte application "(a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application" and "(b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." C.D. Cal. L.R. 7-19.1. Based on Trans Union's Application, it is not clear that Trans Union's counsel made good faith efforts to *orally* advise Plaintiff's counsel of the date or substance of the proposed ex parte application in advance of its filing. (*See* Appl. 1 (stating only that Trans Union's counsel "conferred" with Plaintiff counsel).) Trans Union fails to state in plain terms whether the meet and confer was conducted *orally*. (*See id.*) Moreover, Trans Union's counsel fails to advise the Court "*in writing and under oath*" of the meet and confer efforts. *See* C.D. L.R. 7-19.1; *see also* L.R. 7-6 (explaining that factual contentions in support of any motion require a declaration or other written evidence).

The Court also finds that Trans Union fails to satisfy the requirements of *Mission Power*. In fact, Trans Union fails to make *any* effort to demonstrate that it will suffer irreparable harm absent extraordinary ex parte relief. (*See generally* Appl.) Additionally, Trans Union fails to show that it is without fault in creating the crisis that purportedly requires emergency relief. *See Mission Power*, 883 F. Supp. at 492. On December 11, 2019, the Court issued the Scheduling Order in this case—over a year ago. (*See* Scheduling & Case Management Order, ECF No. 44.) So presumably, Trans Union has been aware of the deadlines in this case for a significant amount of time. If Trans Union felt so strongly, as it does now, that this case should be stayed pending the resolution of Trans Union's Motion for Summary Judgment, Trans Union had more than enough time to confer with Plaintiff and stipulate to stay this case. Trans Union also could have filed a regularly-noticed motion in November, when it filed its Motion for Summary Judgment. In summary, Trans Union fails to establish that it will suffer irreparable harm absent ex parte relief, or that it is without fault in creating the crisis that requires ex parte relief.

For the reasons discussed above, the Court **DENIES** Trans Union's Ex Parte Application to Stay, or in the Alternative, to Continue Trial Date and Pre-Trial Deadlines Pending Ruling on Trans Union's Motion for Summary Judgment. (ECF No. 85.) The Court reminds the parties that ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for their misuse. Standing Order, The Honorable Judge Otis D. Wright II, VII.C., https://www.cacd.uscourts.gov.

**IT IS SO ORDERED.**

: 00

Initials of Preparer SE

Case 2:19-cv-07240-ODW-JPR Document 86 Filed 01/07/21 Page 3 of 3 Page ID #:837